# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JORGE PONCE,               )<br>                )<br>     Plaintiff,      )<br>                )<br>     v.             )<br>                )<br>JAMES H. BILLINGTON, Librarian,  )<br>U.S. Library of Congress,     )<br>                )<br>     Defendant.     )<br>                ) | Civil Action No. 08-1028 (RMC) |

## MEMORANDUM OPINION

Pending before the Court is Jorge Ponce's Motion for Leave to Amend Complaint [Dkt. # 15]. Mr. Ponce seeks leave to amend his Complaint, which alleges discrimination on the basis of race, national origin, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, to add a Title VII retaliation claim arising from the same non-selection for the position of Director of the Office of Workforce Diversity at the Library of Congress that forms the basis of his discrimination claims. For the reasons explained herein, the motion will be denied.

## I.  FACTS

Mr. Ponce asserts that at the May 29, 2009 deposition of General Donald Scott, Deputy Librarian of Congress, General Scott "stated that Plaintiff was involved with groups that were civil rights oriented, and that he [General Scott] was concerned that Plaintiff was an activist that would take sides against the Library in EEO matters." Pl.'s Mem. in Supp. of Mot. for Leave to Amend Compl. [Dkt. # 15-2] at 1. "Because of this statement made during discovery by the selecting official, Plaintiff now seeks to amend his complaint by adding a count of retaliation in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16." *Id.* at 1-2. The motion was filed on August 24, 2009, ten days after discovery had ended.[1] Partly for that reason, Defendant opposes the motion.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) provides:

> A party may amend its pleading once as a matter of course before being served with a responsive pleading. . . .  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  A court may deny a motion to amend if it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A motion to amend a complaint is futile "if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  "Within these bounds, a district court has discretion to grant or deny leave to amend under Rule 15(a)." *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996).

## III. ANALYSIS

Defendant argues that leave to amend should be denied because amendment would be futile and would result in undue prejudice to him insofar as discovery already has ended.  Taking the latter argument first, the Court rejects as unfounded Defendant's assertion of undue prejudice. The Court agrees with the recent decision of Judge John Bates, who concluded on similar facts that

---

[1] Discovery ended on August 14, 2009.

when amendment is sought shortly after discovery ends but before summary judgment briefing has commenced, the prejudice to the defendant "if any, is minimal and it simply does not override the liberal standard that this Court must apply when determining whether to grant leave to amend under Fed. R. Civ. P. 15." *Ellis v. Georgetown Univ. Hosp.*, Civil Action No. 08-1174, 2009 WL 1916315, at *7 (D.D.C. July 6, 2009).  Indeed, as Judge Bates noted, "any potential prejudice would be ameliorated by supplemental discovery related to" the new retaliation claim.  *Id.* at *6.

Defendant's better argument is the one he led with:  that leave to amend should be denied because Mr. Ponce's proposed amendment would be futile given that he failed to invoke and exhaust administrative procedures with respect to his proposed retaliation claim.  "The statutory scheme of Title VII requires a plaintiff to exhaust his or her administrative remedies before a civil action may be filed in federal court."  *Robinson-Reeder v. Am. Council on Educ.*, 532 F. Supp. 2d 6, 12 (D.D.C. 2008).  A Title VII lawsuit "is limited in scope to claims that are 'like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations.'" *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)).  A Title VII claim "must fall within the scope of 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"  *Marshall v. Fed. Express Corp.*, 130 F.3d 1095, 1098 (D.C. Cir. 1997) (quoting *Park*, 71 F.3d at 907).

Mr. Ponce's administrative EEO complaint lodged with the Library of Congress alleged only discrimination in his non-selection on the basis of race, national origin, and sex.  It did not allege retaliation for opposing employment discrimination, as Mr. Ponce now seeks to allege for the first time in his proposed amended complaint.  Nevertheless, Mr. Ponce argues that "there is no requirement that Plaintiff raise his retaliation claim at the administrative level prior to amending his

complaint in federal court because it did not involve a discrete act of discrimination." Pl.'s Reply [Dkt. # 17] at 1.

Mr. Ponce seems to be under the mistaken impression that because he complained to the Library of Congress about the discrete act of his non-selection, he is now free to assert any legal theory concerning his non-selection whether or not previously presented to the Library. That is not the law. "The theories of discrimination in [a] plaintiff's lawsuit are limited to the theories contained in the [administrative EEO complaint] he filed." *Marcelus v. Corr. Corp. of Am.*, 540 F. Supp. 2d 231, 236 (D.D.C. 2008). "Any other theories are barred unless the claim is 'like or reasonably related to the allegations of the [administrative EEO complaint] and growing out of such allegations.'" *Id.* (quoting *Park*, 71 F.3d at 907). Mr. Ponce's proposed retaliation claim is not "like or reasonably related to" the race, national origin, and sex discrimination allegations contained in his administrative EEO complaint. *See id.* ("plaintiff's retaliation claim here is not 'like or reasonably related to' the [age and national origin discrimination] allegations in his EEOC Charge"); *see also Miles v. Dell, Inc.*, 429 F.3d 480, 492 (4th Cir. 2005) ("Miles' retaliation claim is not reasonably related to her charge such that it would have been expected to follow from an investigation of Miles' sex and pregnancy discrimination claims"); *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("We do not believe that Mr. Peters' retaliation claim is like or reasonably related to [his] discrimination charge"); *Wallin v. Minn. Dep't of Corrs.*, 153 F.3d 681, 688 (8th Cir. 1998) ("it is well established that retaliation claims are not reasonably related to underlying discrimination claims"). Having failed to raise a retaliation theory for his non-selection with the Library of Congress, Mr. Ponce cannot do so now.

## IV.  CONCLUSION

Because Mr. Ponce failed to exhaust administrative remedies with respect to his proposed retaliation claim, the proposed amendment to add a retaliation claim would not survive a motion to dismiss.  *See Marcelus*, 540 F. Supp. 2d at 236 (dismissing retaliation claim for failure to exhaust administrative remedies).  Therefore, Mr. Ponce's motion to amend his complaint to add a retaliation claim will be denied as futile.  A memorializing Order accompanies this Memorandum Opinion.


Date: September 14, 2009                      _____/s/_____

                                                                ROSEMARY M. COLLYER
                                                                United States District Judge