**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JORGE PONCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 08-1028 (RMC) |
| v. ) | |
| ) | |
| JAMES H. BILLINGTON, ) | |
| Librarian, United States Library of Congress, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff purports to bring to the Court's attention the Supreme Court's recent decision in *Staub v. Proctor Hospital*, 131 S. Ct. 1186 (2011) as additional support for his motion for a new trial. *See* ECF No. 58. His contention that the Supreme Court's "elucidation of Title VII's 'because of' language directly undermines the Court of Appeals for the District of Columbia's holding in *Ginger v. District of Columbia*, 527 F.3d 1340 (D.C. Cir. 2008)," is incorrect as a matter of law. The Supreme Court's decision in *Staub* in no way undermines, much less addresses, the D.C. Circuit's holding in *Ginger* that a Title VII plaintiff who pursues a single-motive theory of discrimination must establish that the prohibited criterion was the "sole reason" for the challenged adverse employment action. *See Ginger*, 527 F.3d at 1345.

In *Staub*, the Supreme Court examined Section 4311(c) of the Uniform Services Employment and Reemployment Rights Act ("USERRA"), which provides that "[a]n employer shall be considered to have engaged in actions prohibited . . . under subsection (a), if the person's membership . . . is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership." 131 S. Ct. 1186,

1190-91 (quoting 38 U.S.C. § 4311(c)).  The Supreme Court observed that USERRA is "very similar to Title VII" and noted that discrimination is established under Title VII when a prohibited factor "was a motivating favor for any employment practice, even though other factors also motivated the practice."  *Id.* (quoting 42 U.S.C. §§ 2000e-2(m)).  Contrary to Plaintiff's assertion, the Supreme Court did not, in a limited reference to Title VII in its analysis of USERRA, alter the well-established understanding that § 2000e-2(a) and § 2000e-2(m) set forth alternative theories for proving that an unlawful employment practice has occurred.  Indeed, the *Staub* decision contains no reference to or discussion of *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 94 (2003), which reviewed the legislative history of Title VII and noted that Congress amended the statute in 1991 to include § 2000e-2(m) as "an alternative for proving that an 'unlawful employment practice' has occurred."

Plaintiff's belief that a sole motive instruction is "inconsistent with the 'because of' language of 42 U.S.C. § 2000e-2(a), which only requires that illegal discrimination be a motivating factor for an adverse action" lacks support in the case law and is contrary to the controlling precedent in this jurisdiction.  The Court properly instructed the jury that "Mr. Ponce must prove that illegal discrimination was the sole reason for his non-selection" in accordance with the D.C. Circuit's decision in *Ginger*, which reaffirmed what the D.C. Circuit had earlier held in *Fogg v. Gonzales*:

> On its face Title VII provides alternative ways of establishing liability for employment practices based upon the impermissible use of race or other proscribed criteria -- one in § 2000e-2(a), which has been in the law since 1964, and another in § 2000e-2(m), which Congress added in 1991 in response to the Supreme Court's decision in *Price Waterhouse*.

*See* 492 F.3d 447, 453 (D.C. Cir. 2007); *see also Beckham v. Nat'l R.R. Passenger Corp.*, 736 F. Supp. 2d 130, 140 (D.D.C. 2010) (noting that "[t]here are two distinct manners in which to

establish liability in a disparate treatment claim" and explaining the different showing that a plaintiff needs to make in a single motive case versus a mixed motive case).  In sum, the Court did not err in issuing a "sole motive" jury instruction.  For the above reasons and those stated in the Library's opposition to Plaintiff's motion for a new trial, Defendant respectfully requests that the Court deny Plaintiff's motion for a new trial.

Date:  March 15, 2011                                  Respectfully submitted,

                                                       RONALD C. MACHEN JR., D.C. Bar #447889
                                                       United States Attorney
                                                       for the District of Columbia

                                                       RUDOLPH CONTRERAS, D.C. Bar #434122
                                                       Chief, Civil Division

                                                       By:    /s/ Michelle Lo                          .
                                                       MICHELLE LO
                                                       WYNEVA JOHNSON, D.C. Bar # 278515
                                                       Assistant United States Attorneys
                                                       555 4th Street, N.W.
                                                       Washington, D.C. 20530
                                                       Tel: (202) 616-3517   Fax: (202) 514-8780
                                                       Michelle.Lo2@usdoj.gov
                                                       Wyneva.Johnson@usdoj.gov